Tilghman C. J.
Greenatualt, the plaintiff below, brought an action against Brenneman, the defendant, before a justice of the peace. The parties Voluntarily appeared before the justice and submitted the cause to the determination of arbitrators, who made an award in favour of the plaintiff for §250, for which judgment was entered by the-justice. ■ The defendant appealed to the Court of Common Pleas, where the cause was tried by a jury, who gave a verdict for the plaintiff for §480. The Court arrested the judgment, being of opinion that the justice had no jurisdiction. Two reasons are assigned against the jurisdiction ; one that the cause-of action was more than one hundred dollars; the other that the action was founded on a real contract, in which the title to land came in question.
By the 1st section of the “ act to amend and consolidate “ with its supplements, the act entitled, an act for the reco- “ very of debts and demands not exceeding one hundred dollars,” passed 20th March, 1810, jurisdiction is given to justices-of the peace of all causes of action, “arising from “ contracts .express or implied in all cases where the sum de- “ manded is not above one hundred dollars, except in -cáses of “real contract, where the title to lands or tenements may .“come in question, or actions upon promise of marriage.” The 13 first sections of the act contain various provisions regulating tiré proceedings before the justices, and appeals to *30 the Courts of Common Pleas. By the 14th. section it is enacted, “that any justice of the peace may take cognisance “ °f any matter or thing made cognisable by this act', 'for any “ sum-exceeding one hundred dollar s,-if the parties'voluntarily “ appear before him for that purpose, and shall proceed for “the recovery thereof, by entering judgment if confessed, or “ if submitted to him by reference.” In the case before us no judgment was confessed, nor was it submitted to the justice to determine, for how much the judgment should be entered'; but the cause was referred to' arbitrators in the usual-way. ' It' is therefore- not within the provision of the 14th section. It seems to have been the intention of the legislature, not to have given jurisdiction in any contested matter above one hundred dollars; but where the parties agreed on the sum, or left it' to the justice to ascertain it, there was thought to be-no impropriety ■ in entering judgment for a large amount. That this was the intent is plain, because no appeal is given in such cases. But if it was intended to extend the jurisdiction to more than one hundred dollars, in cases submitted to arbitration,-it cannot be accounted for, that no appeal should be given, when an appeal is allowed in. the preceding sections in- cases submitted to arbitration, under one hundred dollars. ■ That there should be no appeal where-the-parties ascertain the amount themselves, or leave it to the justice to do so, is quite reasonable. In such cases the parties- having no difference, there could be no cause for an appeal.' “ Submitting the matter to the justice hy reference, is a singular and not a very clear expression ; but it certainly cannot extend to - cases, where the reference is to others.- If it be asked what reason there could be for limiting the jurisdiction to one hundred dollars when the cause was- referred- to- others, and extending it when submitted to the justice, I answer- that the Court has no right to alter the law,-by extending it to cases omitted, which may appear to be within the same reason. We take it as it is written. But as the policy of giving jurisdiction even to the amount of one. hundred dollars has -been very much questioned, I can easily conceive,- that- the legislature would be cautious of extending it-beyond .thát sum without great restrictions. It might be thought safe to give unlimited jurisdiction, where little or nothing was in dispute, but dangerous, to do so in any other cases. It is enough however,'that "the present case is not *31 that which is described in the 14th section, and therefore the justice had no jurisdiction, because all the other parts of the act confine the jurisdiction to one hundred dollars. That being the case, the Court of Common Pleas was right in arresting the judgment..
Yeates J.
The judgment in this case was properly arrested. The justice of the peace had no jurisdiction of a controverted demand exceeding one hundred dollars. The provisions of the 14th section of the act of 20th March, 1810, are confined to a judgment voluntarily confessed, or an acknowledged undisputed balance, where the sum exceeds one hundred dollars. No other meaning could be assigned to the words “ he shall proceed for the recovery thereof by en- “ tering judgment if confessed, or if submitted to him by refe- “ rerece.” The latter words may be well satisfied in the case of mutual accounts admitted to be fair and just, and the justice performing the part of an accountant by deducting the lesser from the greater sum. Provision is made that a fraudulent judgment may be enquired into, as creditors might otherwise be injured; but- the whole section pre-supposes, that as between the parties appearing before the justice, there is no controversy. In no part of the act is a power given to the justice to appoint arbitrators, where the demand exceeds one hundred dollars, as has been done here; nor is any appeal given by the 14th section, where the demand has been submitted to him by reference. . Can any reason be assigned, that where arbitrators mutually agreed on, find a sum under one hundred dollars on a controverted demand, an appeal shall lay, and yet where a single justice of- the peace decides a case to the amount of thousands of dollars,, disputed throughout by the parties, his decision shall be final and conclusive ?' No ingenuity can furnish a reason for the discrimination.., I am therefore satisfied, that this case does not fall within .the 14th section of the act of 1810, and that the more. eligible mode would have been to have removed the proceedings before the justice of the peace in the Court of common Pleas by certiorari, when they would unquestionably have been reversed. I am of opinion that the judgment below be affirmed.
Brackenridge J, concurred.
Judgment affirmed.